IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-77-BO

| | |
|---|---|
| PRITIPAL SINGH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 25]. A hearing on this matter was held in Elizabeth City, North Carolina on July 29, 2014 at 11:45 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On September 14, 2010, plaintiff filed an application for disability benefits with an alleged onset date of July 31, 2010. His claims were denied initially and upon reconsideration. On June 4, 2012, an Administrative Law Judge ("ALJ") held a hearing. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act on September 12, 2012. On January 30, 2013, the Appeals Council denied plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff was 58 years of age at the date of alleged onset of disability. Mr. Singh primarily worked in the management and operation of small restaurants, particularly pizza restaurants. Mr. Singh's health issues began in and around august of 2010 when he was admitted to Halifax Regional Medical Center on August 4, 2010 with a serious and severe heart issue. [Tr. 266]. During this hospital stay plaintiff had an ejection fraction of 30-35%. [Tr. 267]. He was discharged with a diagnosis of new onset congestive heart failure secondary to LV systolic dysfunction, cardiomyopathy with an ejection fraction of 30-35%, Type 2 Diabetes Mellitus, primary hypertension – uncontrolled, dyslipidemia, and left bundle block rule out coronary artery disease. [Tr. 283].

Mr. Singh was then transferred to WakeMed Health and Hospitals in Raleigh, North Carolina where he had a left heart catheterization, coronary angiography, and ventriculography. [Tr. 283]. During his stay at WakeMed, Mr. Singh had a heart attack that ultimately required urgent quadruple bypass surgery on August 11, 2010. [Tr. 292]. During his recovery in the hospital, plaintiff suffered acute renal failure in addition to his chronic kidney disease which resolved prior to discharge. [Tr. 284]. Following discharge, Mr. Singh underwent several instances of weight fluctuation which resulted in Dr. Reddy instructing him to monitor and maintain his weight. [Tr. 497]. On December 20, 2010, Mr. Singh underwent surgery again and had a left endarterectomy. [Tr. 403]. Nearly a year later, on December 14, 2011, Mr. Singh still had left ventricle function (ejection fraction) of 30-35%. [Tr. 536].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g);

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges the ALJ erred at step four by finding his RFC to be light with some postural and environmental restrictions. Mr. Singh argues that his diminished heart function with

3

Case 4:13-cv-00077-BO Document 30 Filed 08/05/14 Page 3 of 5

his chronic renal failure and other ailments prohibit him from exertions at the light level of work. Because he cannot perform light work, he also contends that he would not be able to return to his past relevant work which is at a light level.

Here there is clear evidence in the record that Mr. Singh suffers from cardiomyopathy that has not seen significant improvement during the duration of the relevant time period. Although Mr. Singh's ejection fraction improved significantly immediately following his quadruple bypass surgery, it quickly returned to a level of 30-35% just over a year later. Further, it is clear to this Court that doctors' references to "no heart failure" made throughout the record during the time period following his surgeries referred to "acute" heart failure and not heart failure in a general sense. Paired with these observations are notations that "Mr. Singh is not doing well" [TR. 497], that he suffers from progressive shortness of breath [Tr. 495], that Mr. Singh was living with heart failure [Tr. 513], and that he suffered from severely depressed LV function. A severely depressed LV function and low ejection fractions are clear signs of heart failure. The evidence, examined as a whole, reveals that the doctors were referencing acute heart failure when they mention that there were no symptoms upon examination.

Additionally the combination of Mr. Singh's renal failure, kidney disease, and coronary disease preclude Mr. Singh from performing work at a light level which requires "a good deal of walking or standing" of which Mr. Singh is clearly incapable. 20 C.F.R. § 404.1567(b). Further the combination of ailments from which Mr. Singh suffers lends credibility to his statements concerning the intensity, persistence, and limiting effects of his symptoms which the ALJ found to be not credible.

The ALJ's decision is clearly not supported by substantial evidence. All of the substantial evidence in the record supports a finding that Mr. Singh cannot perform work at more than a

4

sedentary level. With an RFC of sedentary, a finding of disability is directed by the medical-vocational guidelines (GRIDS) 201.06. Therefore the Court reverses the decision of the Commissioner and remands to the agency for an award of benefits consistent with this opinion.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 4 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE